The decision of the lower court was affirmed by the Supreme Court on February 3rd, 1868, in the following opinion, per
Sharswood, J.
It has been so often held in this Court that a writ of error will not lie to the decision of a Court of Common Pleas setting aside or refusing to set aside a judgment or execution upon some matter of fact not appearing on the record; that the doctrine ought to be considered perfectly at rest. Whether the Court below decided the law correctly or not, must depend upon how they found the facts involved in it. They are as competent to pass upon them as this Court, and their decision cannot be reviewed: Righter vs. Rittenhouse, 3 Rawle, 282; Withers vs. Haines, 2 Barr, 435; Lewis vs. Amor, 3 Barr, *468 460; Bruce vs. Wightman, 5 Casey, 335; Rogers vs. Whitely, 2 Wright, 137; Henry vs. Brothers, 12 Wright, 70. Where a Court of record acts on extrinsic evidence, the presumption is that everything was done rightly and according to law: Brown vs. Ridgway, 10 Barr, 42. The determination of all such questions rests in the sound discretion of the Court, and though the facts be actually spread on the record, it will make no difference. In McKee vs. Sandford, 1 Casey, 105, upon a rule in Court below to open a judgment, a statement of facts was agreed to by the attorneys with a stipulation that either party might take a writ of error, yet it was held that it did not give us jurisdiction of a question which the law places under the discretion of the Courts of original jurisdiction. We see no error in this record of which this plaintiff in error has any right to complain.
Judgment affirmed.